**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| RONALDO ARJONA TZEP XOCOM,      Petitioner, <br><br> v. <br><br> CHRISTOPHER BULLOCK, Field Office Director of the New Orleans Field Office, U.S. Immigration and Customs Enforcement,[1] <br><br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. 2:26-cv-02730-SHL-tmp |

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION
AND REQUIRING RESPONSE**

On June 22, 2026, pro se Petitioner Ronaldo Arjona Tzep Xocom filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  A noncitizen from Guatemala, Petitioner challenges his mandatory detention without bond at the West Tennessee Detention Facility.  (Id. at PageID 3–4.)  He seeks an individualized bond hearing before an immigration court or release from custody.  (Id. at PageID 5.)

On June 26, the Court issued an Order Directing Service on Respondents, Staying Transfer, and Requiring Response.  (ECF No. 8.)  The Court instructed Petitioner to serve the Petition and a copy of the Court's order on Respondent within five days.  (Id. at PageID 29.)  But Petitioner, still detained and operating pro se, did not serve Respondent.  As a result, on July 6, Respondent filed the Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to Federal

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of the New Orleans Field Office, U.S. Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, the Warden of the West Tennessee Detention Facility, Brian Acuna, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

Rul[e] of Civil Procedure 41(b).[2]  (ECF No. 10.)  Respondent argues that "the Court should dismiss the Petitioner's habeas petition for failure to comply with the Court's Order."  (Id. at PageID 33.)

Whenever possible, the Court prefers to hear a petition on its merits rather than dismiss it for a procedural failing.  Cf. Mays v. Chandler, No. CRIM.A.06-426, 2007 WL 2903212, at *1 n.1 (E.D. Ky. Sep. 28, 2007) ("Considering the posture of this action, the Court reaches and resolves the merits of the petition, despite the technical defect.").  Thus, Respondent's Motion to Dismiss is **DENIED**.  Given that Respondent already has notice of the Petition and the Court's June 26 order through his counsel, the Court **ORDERS** as follows:

(1)    Within **two days** of this Order, Respondent shall respond to the Petition in writing.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent opposes his release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(2)    Petitioner may file a reply after Respondent's responsive filing.

**IT IS SO ORDERED,** this 14th day of July, 2026.

s/  Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Along with filing the Motion, Respondent's attorney, Assistant U.S. Attorney Samuel Christian, entered a notice of appearance in the case.  (ECF No. 9.)