**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RONALDO ARJONA TZEP XOCOM, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02730-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office Director of the New Orleans Field Office, U.S. Immigration and Customs Enforcement, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On June 22, 2026, pro se Petitioner Ronaldo Arjona Tzep Xocom filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 1.)  A noncitizen from Guatemala, Petitioner challenges his mandatory detention without bond at the West Tennessee Detention Facility.  (Id. at PageID 3–4.)  He seeks a "a writ of habeas corpus, or in the alternative . . . an individualized bond hearing before an Immigration Judge."  (Id. at PageID 5.)  After the Court denied Respondent's motion to dismiss (ECF No. 11), Respondent responded on July 16 (ECF No. 12).  Respondent concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), "controls the outcome of this matter."  (Id. at PageID 38.)

For the reasons stated below, the Petition is **GRANTED**.  Respondent is **ORDERED** to release Petitioner immediately.

**BACKGROUND**

Tzep Xocom is a citizen of Guatemala who entered the United States in 2020.  (ECF No. 1 at PageID 2.)  He was taken into ICE custody at an unknown date.  (Id. at PageID 3.)  He seeks a writ of habeas corpus, which the Court interprets as a request for his release, or, in the alternative, an individualized bond hearing.  (Id. at PageID 5.)

**ANALYSIS**

Respondent concedes that the Sixth Circuit's holding in <u>Lopez-Campos</u>, 175 F.4th 713, "controls the outcome of this matter." (ECF No. 12 at PageID 38.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'" (<u>Id.</u> (citing <u>Lopez-Campos</u>, 175 F.4th at 732).)

Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (<u>Id.</u>) However, as the Court has ruled in recent immigration habeas petitions, <u>e.g.</u>, <u>Lopez Soza v. U.S. Dep't of Homeland Sec.</u>, No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); <u>Contreras-Lomeli v. Raycraft</u>, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in <u>Lopez-Campos</u>, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody." (ECF No. 12 at PageID 39.) However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." <u>Lopez-Campos</u>, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is

entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-cv-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

**CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to release Petitioner immediately.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 17th day of July, 2026.

s/  Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE